IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHAEL CARTER**                                                                              **PLAINTIFF**

**vs.**                               **No. 4:19-cv-157-KGB**

**KAUFMAN LUMBER COMPANY,**                           **DEFENDANTS**
**STEVE WORTMAN and JOHN BROOKS**

## AGREED PROTECTIVE ORDER

This Court holds that the following procedures and provisions apply to discovery in this civil action (the "Action") in order to protect information of a sensitive, confidential, proprietary, or legally protected nature, and the privacy rights of the parties or certain non-parties. The entry of this Protective Order is not, and should not be construed as, a waiver by any party or non-party of any privilege or objection to any particular discovery request. This Protective Order shall be deemed to be a "qualified protective order" for purposes of HIPAA (the "Health Insurance Portability and Accountability Act"), including but not limited to 45 C.F.R. § 164.512(e).

**I.  DEFINITIONS**

    A.  "Party" means any current plaintiff or defendant in this Action, and any plaintiff, defendant, or other party that may be joined in this Action.

    B.  "Corporate Party" means any current plaintiff or defendant in this Action that is not an individual, but rather, is named in the Action as a business entity or association, such as a corporation, limited liability company, partnership or any other business concern required to be formed pursuant to applicable law.

C.  "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

D.  "Material" is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

E.  "Confidential Material" is defined as Material that any Party or Non-Party considers in good faith to be information relating to: medical treatment, trade secrets, research, development, strategic planning, financial, commercial, confidential, sensitive or proprietary information which, if disclosed, might adversely affect the competitive position or business operations of the Party or Non-Party producing the materials, or invade the privacy rights of any person.

F.  The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL" in conformity with Section

## II.  DESIGNATION OF MATERIALS AS "CONFIDENTIAL"

Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as Confidential Material if that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in Paragraph I.E.

A.  The Designator will mark the word "CONFIDENTIAL" on the face of each document and each page of Material so designated at the time it is produced or, in the case of Confidential Material contained in or on media other than paper, by affixing a label with the word "CONFIDENTIAL" on the produced media or by using its best efforts

to identify the information as Confidential Material.

B. In the event that a Party or Non-Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Material, the Party or Non-Party will insert the word "CONFIDENTIAL" in brackets at the beginning of the specific answer or response.

C. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material will be made within thirty business days after receipt of the transcript by notifying all Parties, the deponent, and the court reporter in writing of the page and line numbers which have been designated as Confidential Material. In the absence of an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony will be deemed Confidential Material until the expiration of the thirty-business-day period. Alternatively, a Party may designate all or any part of the deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. Counsel should identify, on the record, when the protected designation begins and ends.

D. If any Party that requests Material pursuant to a subpoena receives Material pursuant to the subpoena, the requesting Party shall, within seven days, provide copies of such Material to all other non-requesting adverse Parties in this case. For fourteen days after the non-requesting Party receives such Material from the requesting Party, the non-requesting Party has a "Period of Review," in which the non-requesting Party shall mark the word "CONFIDENTIAL" on the face of each document and each page of Material so designated as Confidential Material. At the end of the Period of Review, the non-requesting Party shall provide copies of the designated Confidential

Material to the requesting Party. The Parties may agree, or may petition the Court on reasonable cause, to modify the deadlines in this paragraph. The requesting Party shall treat Material received pursuant to a subpoena as Confidential Material throughout the Period of Review.

E. For purposes of this Action, no Party concedes that any Material designated by any other Designator as Confidential Material should be treated as Confidential Material. A Party will not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" at the time made, and the failure to do so will not preclude a later challenge in this or any other action. If a Party challenges a designation, it will give written notice to the Designator, and the Party and the Designator must attempt to resolve any challenge in good faith on an informal basis ("meet and confer"). If the challenge cannot be informally resolved, the Party challenging the designation may seek appropriate relief from the Court; however, the Designator shall have the burden of establishing that any such document or other material in dispute is entitled to protection from unrestricted disclosure. The Material will continue to be treated as Confidential Material until the issue relating to the propriety of the designation has been resolved.

F. Any Designator may, at any time, withdraw the "CONFIDENTIAL" designation of any Material produced by that Designator.

G. The inadvertent failure to designate or withhold any Material as Confidential Material, including Material obtained through subpoena but not so designated during the Period of Review, will not be deemed to waive a later claim as to its confidential nature, or to preclude a Party or Non-Party from designating the Material

as Confidential Material at a later date in writing and with particularity. The Material will be treated by the receiving Party as Confidential Material from the time the receiving Party is notified in writing of the change in the designation. If a Party produced the information without a designation, the protections afforded Confidential Material can only be ensured as of the date and time the receiving Party is notified of such designation.

### III. USE AND HANDLING OF CONFIDENTIAL MATERIAL

Confidential Material will be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other action or other purpose.

    A. Access to Confidential Material will be closely controlled and limited to individuals who have a demonstrable and bona fide need to review it. Confidential Material will not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1. Counsel of record for the Parties in this Action, members of their firms, and such support personnel assigned to and necessary to assist such counsel in the preparation or trial of this Action;

2. Counsel for insurers for the claims involved in this Action, and any adjusters for insurers and reinsurers of any Party who have a need with respect to this specific Action to review Confidential Material;

3. In-house counsel of any Party, and paralegal, clerical, and other employees assisting in-house counsel;

4. The United States District Court for the Eastern District of Arkansas, the Eighth Circuit Court of Appeals, court personnel, and any jury empaneled in this Action;

5. Court reporters and/or videographers used during depositions and any commercial photocopying company hired by a Party in this Action;

6. Third party deponents and trial witnesses in this Action and their counsel to the extent necessary for purposes of this Action;

7. Consultants, independent experts, and outside litigation support personnel retained by any Party to this Action to assist the Party in the preparation or trial of this Action;

8. Any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

9. The person or entity that wrote or received the document or gave the testimony designated as "CONFIDENTIAL";

10. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits;

11. Any Party to this Action, including a Corporate Party's current employees, equity interest holders, officers, and directors of such Corporate Party or the officers or directors of the Corporate Party's related entities.

B. Before any person described in Paragraphs III.A.5, III.A.6, III.A.7, III.A.10, or III.A.11 is given access to Confidential Material, the person will review this Protective Order and agree in writing (by signing the Acknowledgement attached as Exhibit A) to be bound by this Protective Order. A copy of the Acknowledgement, together with a list of Confidential Material disclosed to the person and the date of disclosure, will be retained by counsel disclosing Confidential Material until the conclusion of this Action, including all appeals.

C. If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose Confidential Material to any person other than those persons described in Paragraph III.A., above.

D. All persons who have access to Confidential Material at any time will take

all precautions necessary to prohibit access to the Confidential Material other than as provided for herein.

E.  Any copies of Confidential Material will bear the appropriate designation set forth in Paragraph II.A., above. Any summaries of Confidential Material shall be marked with the designation "Summary from Confidential Material" and shall be accorded the same status of confidentiality as the underlying Confidential Material from which the summaries are made. All copies and summaries of Confidential Material will be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

F.  Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. In no event will an entire motion or entire brief be filed under seal—without a corresponding redacted version of the motion or brief also filed on the public docket— unless prior leave of Court is sought.

G.  Upon conclusion of this Action, whether by judgment, order, agreement, or otherwise, each Party, counsel, and other persons having possession of Confidential Material will destroy all Confidential Material obtained from another Party or Non-Party and will, upon request, provide written certification of such destruction to the Designator

including all copies provided by the Party or Non-Party to any person described in Paragraphs III.A.5, III.A.6, III.A.7, III.A.10, or III.A.11. This requirement will not apply to Confidential Materials that become a matter of public record. The Parties agree that, although every attempt to destroy Confidential Material should be made, counsel for each party, for a period of five years after the conclusion of this Action, may retain pleadings, motions, briefs, letters, emails, notes, and other working papers and communications maintained within their file that refer to Confidential Material, but each Party must nonetheless destroy the Confidential Material upon which such documents rely.

    H.    The Parties agree that nothing in this Protective Order is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine. Nothing in this Order shall prevent or otherwise restrict counsel for a Party from rendering advice to their client(s) and, in the course thereof, relying generally on an examination of Confidential Material.

## IV. GENERAL PROVISIONS

Nothing contained in this Protective Order will restrict or limit any Party's right to present Confidential Material to a jury or a court during a trial or other hearing in this Action, and the Parties and Non-Parties will take reasonable steps to maintain the confidentiality of Confidential Material at a hearing or at trial in the manner as the Court may direct.

    A.    If any Party or Non-Party receives a discovery request, a subpoena, or court order for the production of any Confidential Material, the Party or Non-Party receiving the discovery request, subpoena, or order will, within ten business days of the receipt of the request or order and not less than five business days before the production

Page 8 of 12
Michael Carter v. Kaufman Lumber Company, et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-157-KGB
Agreed Protective Order

of any Confidential Material, notify the Designator of the request or order in writing. The receiving Party or Non-Party will within five business days of the receipt of the request or order, notify the party or court issuing the discovery request, subpoena, or order of the existence of this Order covering Confidential Material. The Designator shall be responsible for seeking whatever appropriate protective order or other relief it desires before such time as the received Party or Non-Party must comply with such discovery request, subpoena, or order.

B.  This Protective Order will not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in this Action or in some other lawful manner. The restrictions set forth in this Protective Order will not apply to any Material which, at the time of production, is within the public domain, or which the Designator later releases publically.

C.  Neither this Protective Order, production or disclosure of Material under this Protective Order, nor designation or failure to designate Material under this Protective Order, will constitute a waiver of the right of the Designator to maintain the trade secret status or confidentiality of that Material in other contexts.

D.  This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification, nothing contained herein will be deemed to preclude any Party or Non-Party from seeking relief from the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

E.  This Protective Order will not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not

producing Material.

F. This Protective Order will remain in effect and continue to be binding for one year after the conclusion of this Action.

G. This Protective Order will operate retroactively to the inception of this Action. Any Material produced before the signing of this Protective Order will be treated as Confidential upon designation as set forth above. However, if a Party produced the information without a designation, the protections afforded Confidential Material can only be ensured as of the date and time the receiving Party is notified of such designation.

## V. INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEGED INFORMATION

A. The inadvertent disclosure of Material covered by the attorney-client privilege or work-product protection will be governed by the Arkansas Rules of Civil Procedure and this Protective Order.

B. If, in connection with the pending litigation, a Party or Non-Party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the producing Party or Non-Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

C. If a claim of inadvertent disclosure is made by a producing Party or Non-Party with respect to Inadvertently Disclosed Information, the receiving Party will, within five business days, return or destroy all copies of the Inadvertently Disclosed Information

and provide a certification of counsel that all Inadvertently Disclosed Information has been returned or destroyed.

D. Within thirty days of the notification that Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the Parties or Order of the Court, the producing Party or Non-Party will produce a privilege log with respect to the Inadvertently Disclosed Information.

E. Nothing in this Protective Order will limit the right of any Party seek an order compelling production of Inadvertently Disclosed Information, or an in-camera review of the Inadvertently Disclosed Information.

## VI. LIMITS OF THIS PROTECTIVE ORDER

Nothing contained in this Protective Order, and no action taken pursuant to it, may prejudice the right of any Party or Non-Party to contest the alleged relevancy, admissibility, or discoverability of the Material sought. Nor does this Protective Order prevent any Party or Non- Party from objecting to discovery that it believes to be otherwise improper.

IT IS SO ORDERED this 9th day of October, 2019.

_Kristine M. Baker_
HONORABLE KRISTINE BAKER
UNITED STATES DISTRICT JUDGE;

Exhibit A

# ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the parties in the case of Carter v. Kaufman Lumber Company, No. 4:19-cv-157-KGB, pending in the United States District Court for the Eastern District of Arkansas. I understand that the information is or may be subject to the terms of a Protective Order entered by the Court in said case. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of the Protective Order, have read it, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order (which includes any notes or other record that I make of this material) shall not be disclosed to others, except those listed in paragraph III.A. of the Protective Order and under the terms set forth therein. I understand that upon termination of this Action or termination of my services in this Action, whichever is sooner, I have an absolute duty to destroy all Confidential Material (as defined in the Protective Order) and shall, upon request, provide written certification, under oath, of this destruction.

Signature: _____

Print Name: _____

Date: _____